In re Interest of Nathan L., a child
under 18 years of age.
State of Nebraska, appellee, v.
Nathan L., appellant.

___ N.W.2d ___

Filed September 1, 2015.    No. A-14-1150.

1. **Juvenile Courts: Appeal and Error.** An appellate court's review of a
juvenile court's determination of whether a juvenile has been denied his
or her statutory right to a prompt adjudication is made de novo on the
record to determine whether there has been an abuse of discretion by the
juvenile court.
2. \_\_\_\_: \_\_\_\_. Prompt adjudication determinations are initially entrusted
to the discretion of the juvenile court and will be upheld unless they
constitute an abuse of discretion.

Appeal from the Separate Juvenile Court of Lancaster
County: Linda S. Porter, Judge. Remanded with directions.

Joseph Nigro, Lancaster County Public Defender, and
Chelsie Krell for appellant.

Joe Kelly, Lancaster County Attorney, and Ashley Bohnet
for appellee.

Irwin, Inbody, and Riedmann, Judges.

Inbody, Judge.

## INTRODUCTION

Nathan L. appeals the order of the separate juvenile court
of Lancaster County overruling his motion to dismiss on
speedy trial grounds and adjudicating him as a child within

the meaning of Neb. Rev. Stat. § 43-247(3)(b) (Reissue 2008) for being habitually truant from school between August 13, 2013, and May 8, 2014.

## STATEMENT OF FACTS

On May 30, 2014, the State filed a petition alleging that Nathan was a child within the meaning of § 43-247(3)(b) for being habitually truant from school. On July 7, the matter was continued by the State until July 21, for service issues, as neither Nathan nor either of his parents appeared at a hearing held on July 1. On July 21, Nathan appeared at the hearing with his grandfather and requested the appointment of counsel. In a July 23 order, the matter was continued by the court until August 20, and the court appointed the Lancaster County Public Defender to represent Nathan.

On August 20, 2014, Nathan appeared with counsel and entered a denial to the allegations contained within the petition. The matter was set for docket call on September 23 and a formal contested hearing on October 3. On October 3, the matter was continued by the juvenile court to October 24 for "another case on the Court's docket having priority." On October 24, Nathan filed a motion to dismiss the case on speedy trial grounds which alleged that the State failed to bring him to trial within 90 days as required by Neb. Rev. Stat. § 43-278 (Cum. Supp. 2014) and the U.S. and Nebraska Constitutions. That same day, the matter came before the court for formal hearing on the adjudication petition. As to the motion to dismiss, the juvenile court entered an order on November 19, stating that the "Motion to Dismiss on Speedy Trial Grounds filed by counsel for the juvenile was argued by counsel. The Court overruled said Motion." The juvenile court's order went on to find that the State had proved beyond a reasonable doubt that Nathan was habitually truant on the dates alleged in the petition and that exhibit 1, submitted by the State, reflected a pattern of school absences and multiple periods of truancy and tardiness.

## ASSIGNMENTS OF ERROR

On appeal to this court, Nathan assigns that the juvenile court abused its discretion by failing to dismiss the case on speedy trial grounds, by failing to make specific findings on the record of the time excluded, and by failing to consider the right of the juvenile to a prompt and fair adjudication by not considering the appropriate factors.

## STANDARD OF REVIEW

[1,2] An appellate court's review of a juvenile court's determination of whether a juvenile has been denied his or her statutory right to a prompt adjudication is made de novo on the record to determine whether there has been an abuse of discretion by the juvenile court. See *In re Interest of Brandy M. et al.*, 250 Neb. 510, 550 N.W.2d 17 (1996). Prompt adjudication determinations are initially entrusted to the discretion of the juvenile court and will be upheld unless they constitute an abuse of discretion. *Id*.

## ANALYSIS

Nathan contends that the juvenile court abused its discretion by failing to dismiss the case on speedy trial grounds in that it failed to make specific findings on the record of the time excluded and failed to consider the right of the juvenile to a prompt and fair adjudication by not considering the appropriate factors.

Section 43-278 provides that "all cases filed under subdivision (3) of section 43-247 shall have an adjudication hearing not more than ninety days after a petition is filed. Upon a showing of good cause, the court may continue the case beyond the ninety-day period."

The Nebraska Supreme Court has held that § 43-278 provides juveniles with a statutory right to prompt adjudication; however, the Supreme Court also held that § 43-278 is discretionary and does not require absolute discharge if the juvenile is not adjudicated within the 90-day time period. See *In re*

- 242 -

DECISIONS OF THE NEBRASKA COURT OF APPEALS
23 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF NATHAN L.
Cite as 23 Neb. App. 239

*Interest of Brandy M. et al., supra*. The Supreme Court, in *In re Interest of Brandy M. et al.*, specifically held:

> [I]t is within the sound discretion of the juvenile court to determine whether absolute discharge of a juvenile petition is in the best interests of a juvenile, taking into consideration (1) the factors set forth in [Neb. Rev. Stat.] §§ 43-271 [(Reissue 2008)] and 43-278, (2) the right of the juvenile to a prompt and fair adjudication, and (3) the future treatment and rehabilitation of the juvenile in the event of an adjudication. The benchmark of this determination is the protection of the best interests of the juvenile. See *In re Interest of Lisa O.*[, 248 Neb. 865, 540 N.W.2d 109 (1995)].

250 Neb. at 524, 550 N.W.2d at 26.

In the case at hand, there are no specific findings of fact contained within the juvenile court's order as to why the motion was overruled. In open court, the juvenile court stated:

> I just don't think there's any authority that would require the Court to dismiss a truancy proceeding because there's — it's being heard slightly in excess of the 90-day period referenced in the statute you've cited. And we really are just a few days outside of that 90-day period, given the time the juvenile was served and then, if you deduct from that the time that was requested for appointment of counsel, we're well within that 90 days.

The problem with this statement by the juvenile court is that the Nebraska Supreme Court has explicitly directed that the juvenile court must make specific findings on the record. In the case of *In re Interest of Shaquille H.*, 285 Neb. 512, 520, 827 N.W.2d 501, 507 (2013), the Supreme Court stated:

> In this case, the juvenile court did not make such specific findings; the Court of Appeals did those calculations for the juvenile court. The holding in [*State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009),] may have escaped the notice of a juvenile court judge because *Williams* is an adult criminal case. Thus, here, we explicitly extend

- 243 -

DECISIONS OF THE NEBRASKA COURT OF APPEALS
23 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF NATHAN L.
Cite as 23 Neb. App. 239

this requirement to the juvenile court. A juvenile court judge must make specific findings on the record regarding any excludable time periods as defined in [Neb. Rev. Stat.] § 29-1207 [(Cum. Supp. 2012)] before making the ultimate determination as to whether discharge would be in the best interests of a child.

The statements of the juvenile court regarding Nathan's case suggest the reasoning for the denial of the motion to dismiss on speedy trial grounds, but there is no specificity and no exact calculation on the record from which we can ascertain the exact reasoning of the juvenile court.

## CONCLUSION

Therefore, we remand the matter to the juvenile court with directions to enter into specific findings pursuant to the Nebraska Supreme Court's directives in *In re Interest of Shaquille H., supra*.

REMANDED WITH DIRECTIONS.